

# ARKANSAS COURT OF APPEALS

No. CV-13-601

| | | |
|---|---|---|
| CHARLES BOULAND | | **Opinion Delivered** August 28, 2013 |
| | APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | | [No. G001643] |
| ERWIN KEITH, INC., and BRIDGEFIELD CASUALTY | | |
| | APPELLEES | MOTION MOOT; APPEAL LODGED |

## PER CURIAM

Before the court is a pleading styled "Motion for Rule on Clerk" submitted by Ronnie Ray Long, Jr., who purports to be the representative of Charles Bouland, the appellant in this matter. Long, who is not an attorney, appeared before the Arkansas Workers' Compensation Commission as representative of Bouland pursuant to the authority of Arkansas Code Annotated section 11-9-704(c)(1)(A)(i) (Repl. 2012), which permits non-attorney representatives in proceedings before the Commission. On May 23, 2013, the Commission filed a decision denying Bouland's claim for benefits, and on June 3, 2013, Long timely filed a notice of appeal of the Commission's decision.

On July 10, 2013, Long tendered the record for Bouland's appeal to the clerk of the Arkansas Supreme Court and Court of Appeals. The clerk refused to lodge the record because Long was not a licensed attorney. However, the clerk suggested that Long file a motion for rule on the clerk, and Long filed said motion on July 10, 2013. Rule 2.2 of the Rules of the Supreme Court and Court of Appeals recognizes a motion for rule on the clerk when a record is tendered

late, the appellant believes it is timely, and the clerk is in error in refusing to file it. Ark. Sup. Ct. R. 2.2 (2013). While the applicability of Rule 2.2 to the instant case is questionable, the issue of lodging the record is before us.

While Long is not a licensed attorney, the mere act of tendering a record and filing fee is not limited to practicing attorneys. Any third-party friend, employee, or paid courier can tender a record and filing fee to the clerk's office. However, by filing a motion in the Arkansas Court of Appeals, Long has engaged in the unauthorized practice of law, in violation of Arkansas Code Annotated section 16-22-206 (Repl. 1999).[1] The authority of Long, a non-attorney, to represent Bouland before the Commission under section 11-9-704 does not extend to courts of record. *Id.*; *see also Abel v. Kowalski*, 323 Ark. 201, 913 S.W.2d 788 (1996) (holding that in Arkansas a person who is not a licensed attorney may not file a motion in the supreme court or the court of appeals because it would violate the rule prohibiting the unauthorized practice of law).

Therefore, the clerk is ordered to lodge the record showing Bouland appearing pro se. Bouland may proceed pro se or hire an attorney to represent him in his appeal. The court declines to impose any sanctions on Long in light of the clerk's suggestion that he file the motion.

The clerk is ordered to lodge the record; the motion is moot.

*Ronnie Ray Long, Jr.*, for appellant.
No response.

---

[1]Section 16-22-206 provides, "No person shall be licensed or permitted to practice law in any of the courts of record in this state until he has been admitted to practice by the Supreme Court of this state, and every person so admitted shall be entitled to practice in all the courts of this state."

